**TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation, Plaintiff—Appellee,**

v.

**ADVANTAGE TELECOM, INC., a California corporation, Defendant,**

and

**Telquest International, a New Jersey corporation, Defendant— Appellant.**

**No. 00–55497.**

**D.C. No. CV–99–03812–SVW.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided Sept. 21, 2001.

---

Before B. FLETCHER, T.G. NELSON, and BERZON, Circuit Judges.

MEMORANDUM *

BERZON, Circuit Judge.

Telquest International, Inc. ("Telquest") appeals the district court's partial grant of summary judgment in favor of Toshiba America Information Systems, Inc. ("Toshiba") on Toshiba's trademark infringement claim, 15 U.S.C. § 1125(a), and the entry of a permanent injunction against Telquest. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

On the liability issue, Telquest does not argue before us that the district court improperly decided any genuine issues of material fact, and, indeed, asserts that we should review the district court's findings of fact for clear error, the standard of review applicable when the district court is authorized to make factual findings. Further, because Toshiba withdrew its request for damages relief, any trial would be a bench, not a jury, trial. Accordingly, we consider the liability issue as one in which the judge appropriately resolved any factual questions and apply the clear error standard to issues of fact. *See Starsky v. Williams,* 512 F.2d 109, 111 (9th Cir.1975). We review issues of law, of course, de novo. *Freeman v. Allstate Life Ins. Co.,* 253 F.3d 533, 536 (9th Cir.2001).

■ The district court correctly found a likelihood of consumer confusion, and therefore trademark infringement. There is no dispute that Telquest, without adequate notice to consumers, sells goods bearing Toshiba's trademark that lack serial numbers and consequently do not have warranties or recall and upgrade benefits. The parties agree that the determinative question is whether the goods Telquest sells differ from genuine goods in a way that consumers would find material. *See Sebastian Int'l, Inc. v. Longs Drug Stores Corp.,* 53 F.3d 1073, 1076 (9th Cir.1995); *Societe Des Produits Nestle, S.A. v. Casa*

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Helvetia, Inc.,* 982 F.2d 633, 641 (1st Cir. 1992).

We reject on alternative grounds Telquest's argument that the differences caused by removal of the serial numbers were not material because the resales to non-authorized dealers had already voided the warranties. First, the district court did not clearly err in finding as a matter of fact that Toshiba had never interpreted its contracts in that way and, therefore, that the practical effect of the lack of a serial number was to void the warranty. Telquest did not provide any evidence to counter a Toshiba official's declaration that Toshiba has never voided warranties where serial numbers are intact. Further, Toshiba's interpretation broadens rather than limits its warranty liability, giving its construction particular credibility. We therefore decline to disturb the district court's conclusion that it was the removal of serial numbers that voided the warranty.

Second, Telquest also did not dispute the evidence presented by Toshiba that the lack of a serial number would deprive consumers of otherwise available upgrade and recall services. Quite aside from the absence of warranty, consumers of highly technical goods could well regard the absence of such upgrade and recall services as material in making purchasing decisions.

Nor are we persuaded by Telquest's assertions that reversal is required because Toshiba did not prove knowledge that the serial numbers were absent. We need not decide whether knowledge is required for liability under the Lanham Act, because, on this record, a reasonable finder of fact would have to find that Telquest knew the serial numbers had been removed. Telquest *admitted* that it would "replace" the Toshiba serial numbers with its own, indicating that it knew the Toshiba serial numbers would no longer be on the product.

■ The district court correctly ruled as a matter of law that neither an intent to confuse nor actual confusion are required elements of a trademark infringement claim. *See Coca–Cola Co. v. Overland, Inc.,* 692 F.2d 1250, 1256 n. 16 (9th Cir. 1982) (intent to confuse); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036, 1050 (9th Cir.1999) (actual confusion).

■ Finally, the district court did not abuse its discretion in rejecting Telquest's unclean hands defense. *See Levi Strauss & Co. v. Shilon,* 121 F.3d 1309, 1313 (9th Cir.1997). Even assuming Toshiba promoted resales, Telquest presented no evidence that Toshiba actively promoted the sale of goods without serial numbers and, thus, no evidence that Toshiba acted inequitably as to "the subject matter of its claims." *See Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837, 847 (9th Cir.1987). Likewise, Telquest's assertion that Toshiba did not take sufficient measures to deter resales by its dealers is not an allegation of inequitable conduct by Toshiba, as is required for an unclean hands defense, *see id.,* but only an assertion that Toshiba did not stop others from acting inequitably. We also note that, although Telquest argues that we must reverse the entry of the permanent injunction in the interest of the public, Telquest has not explained, nor have we independently determined, how reversal would serve the interest of the public. To the contrary, the limited injunction issued by the district court provides the public with useful, truthful information while permitting the sale of Toshiba goods on the secondary market.

AFFIRMED.